# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Rayshell D Fitzgerald**<br>    Debtor<br><br>**National Cooperative Bank, N.A.**<br>    Movant<br><br>v.<br><br>**Rayshell D Fitzgerald**<br>    Debtor/Respondent<br><br>**SCOTT F. WATERMAN, Esquire**<br>    Trustee/Respondent | **Bankruptcy No. 23-10686-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: April 24, 2024**<br>**Hearing Time: 11:00 A.M.**<br>**Location: 900 Market Street, Suite 400 Philadelphia, PA 19107**<br>**Courtroom Number #4** |

## MOTION OF NATIONAL COOPERATIVE BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONAL COOPERATIVE BANK, N.A. TO FORECLOSE ON 3215 BIRCH ROAD, PHIALDELPHIA, PENNSYLVANIA 19154

Secured Creditor, National Cooperative Bank, N.A., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Rayshell D Fitzgerald, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 9, 2023.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 29, 2021, Rayshell Fitzgerald executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $277,874.00

to Prosperity Home Mortgage, LLC, a Limited Liability Company. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on December 8, 2021 in Document ID 53912669 of the Public Records of Philadelphia County, PA. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 3215 Birch Road, Philadelphia, Pennsylvania 19154, ("the Property").

6. The loan was lastly assigned to National Cooperative Bank, N.A. and same was recorded with the Philadelphia County Recorder of Deeds on January 26, 2023, as Document ID 54144070. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Second Amended Chapter 13 Plan (Docket No. 13), the Trustee intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and the Debtor is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Second Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $1,586.34 which came due on July 1, 2023 through March 1, 2024, respectively.

9. Thus, Debtor(s)' post-petition arrearage totaled the sum of $13,736.08 with suspense balance of $540.98 through March 31, 2024.

10. As of March 4, 2024 the current unpaid principal balance due under the loan documents is approximately $274,868.49. Movant's total claim amount, itemized below, is approximately $305,688.67. See Exhibit "E."

| | |
|---|---|
| Unpaid Principal Balance | $274,868.49 |
| Interest (3/4/2024) | $17,882.27 |
| Escrow Advance | $10,590.53 |
| Late Fees | $294.84 |
| Other Fees | $3,093.52 |
| Suspense Balance | ($1,040.98) |
| Total to Payoff | $305,688.67 |

11. According to the Debtor(s)' schedules, the value of the property is $312,439.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "F."

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on her secured obligation as she has failed to make her monthly post-petition installment payments.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit National Cooperative Bank, N.A. to take any and all steps necessary to exercise any and all rights it may have in the collateral described

herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 20, 2024

                                       **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
PA Bar Number 62414
Email: mimcgowan@raslg.com